IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy Alan Dunlap,                    :

               Plaintiff,               :    Case No. 2:09-cv-100

      v.                                :    Judge Sargus

Ted Strickland, et al.,                 :

               Defendants.              :


REPORT AND RECOMMENDATION

     Plaintiff, Timothy A. Dunlap, who is currently imprisoned in
the State of Idaho, filed this action under 42 U.S.C. §1983
against Ohio Governor Ted Strickland and against Heather Gosselin
(whose last name is slightly misspelled in Mr. Dunlap's
complaint), a former member of the Ohio Attorney General's
office.  Mr. Dunlap claims that his rights under the Sixth,
Eighth, and Fourteenth Amendments to the United States
Constitution are being violated, apparently because Ms. Gosselin
did not follow through with a promise to have him transferred to
an Ohio prison.  He has asked for leave to proceed in forma
pauperis, and that request has been granted in a prior order that
assessed him an initial partial filing fee.  The case is now
before the Court to be screened to determine if the defendants
should be served with process and required to answer the
complaint.  For the following reasons, the Court will recommend
that this case be dismissed under 28 U.S.C. §1915(a).

I.

     28 U.S.C. §1915(e)(2) provides that in proceedings in
forma pauperis, "[t]he court shall dismiss the case if ...
(B) the action ... is frivolous or malicious [or] fails to
state a claim on which relief can be granted...."  28 U.S.C.
§1915A further provides that in any prisoner case, the Court

shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

   Mr. Dunlap's complaint is not a model of clarity.  It

-2-

says little more than that he has asked in the past to be moved from his current Idaho prison to a prison in Ohio, that he has litigated this question before, that Ms. Gosselin promised him at one time that he would be moved, and that this may be his "last chance" to raise the issue. He did file an additional exhibit to his complaint which is a document filed in 2006 in an Idaho court, and which refers to the possibility that Mr. Dunlap would be brought back to Ohio to assist in litigating his death penalty habeas corpus case. He has not presented any facts in support of his claim that his constitutional rights are in jeopardy if he continues to be imprisoned in Idaho rather than Ohio.

Some additional background can be gleaned from documents that are part of the public record. In 1992, Mr. Dunlap was sentenced to death in the State of Idaho, a sentence that was reimposed in 2002. See Dunlap v. State, 146 Idaho 197 (2008). Additionally, he is under a death sentence in Ohio. He has challenged that sentence in a habeas corpus action, filed under 28 U.S.C. §2254, which is now pending in this Court. See Dunlap v. Paskett, et al., Case No. 1:99-cv-559. In that case, he filed a motion to be returned to Ohio's death row. That motion was denied on July 31, 2008, on several grounds, one of which was that the relief requested is not available in habeas corpus but is more properly the subject of a §1983 action. Id., Doc. #87. The Court also noted in its order that "even if brought in a §1983 action, his request stood little chance of being granted" due to case law holding that there is no constitutional right to be transferred from one prison to another. Id. at 2. Mr. Dunlap moved to reconsider that order (a motion which was also denied), and for the first time articulated the argument that a prisoner under a death

sentence is entitled to be returned to the state which
imposed that sentence, at least for purposes of
psychological testing.  The Court will assume that Mr.
Dunlap is making the same claim in the complaint which he
filed in this case.

### III.

It is not clear to the Court exactly what legal theory
Mr. Dunlap is advancing.  He may be arguing that, as part of
his defense to state criminal charges carrying a death
penalty, a criminal defendant is entitled to be transferred
to the charging jurisdiction for all proceedings related to
the trial, including psychological or psychiatric testing.
If this is his claim, it has no bearing on his case at this
time.  He has already been prosecuted and sentenced to death
in Ohio.  His filings in the habeas corpus case make
reference to the fact that the pre-trial evaluations of Mr.
Dunlap may have been inadequate, but there is no indication
that he is seeking a new examination in the habeas case.  In
any event, it seems unlikely that the Constitution would
require a prisoner to be transferred to a state where a
habeas corpus proceeding is pending simply in order to have
a valid psychological or psychiatric evaluation performed.
He also makes reference in his habeas case to wishing to
pursue a clemency petition, but, again, there is nothing in
this record to indicate that he has asked Governor
Strickland for clemency, nor that his constitutional rights
(if any) in such a proceeding would be compromised if he
were not returned to the State of Ohio.  In short, the Court
can discern no basis for any constitutional claim under
these circumstances.  Consequently, it is recommended that
Mr. Dunlap's complaint be dismissed for failure to state a
claim upon which relief can be granted.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge