IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy Alan Dunlap,

    Plaintiff,

v.

Ted Strickland, et al.,

    Defendants.

Case No. 2:09-cv-100

Judge Sargus

## OPINION AND ORDER

Timothy Alan Dunlap, currently imprisoned in the State of Idaho, has filed a 42 U.S.C. §1983 case which names Governor Ted Strickland and Heather Gosselin, a former member of the Ohio Attorney General's office, as defendants. Mr. Dunlap has received the death sentence in Ohio. See State v. Dunlap, 1998 WL 337041 (Hamilton Co. App. June 26, 1998). In this civil action, he asks that the Court order him transferred to the Ohio State Penitentiary in Youngstown so that he can better assist with his federal habeas corpus case, see Dunlap v. Paskett, Case No. 2:99-cv-559 (S.D. Ohio). He made the same request in his habeas corpus case but it was denied. According to a status report filed in that case on April 16, 2009, Mr. Dunlap is also pursuing state post-conviction remedies in Idaho, and it appears he also has a death sentence in Idaho. See Dunlap v. State, 146 Idaho 197 (2008).

After performing an initial screening of the complaint, the Magistrate Judge recommended its dismissal, reasoning that Mr. Dunlap has no constitutional right to be physically present in Ohio while he is litigating the constitutionality of his Ohio death sentence. Mr. Dunlap has filed objections to that recommendation. For the following reasons, those

objections will be overruled and this case will be dismissed.

## I. Standard of Review

When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(2)(B)

## II. Discussion

The Magistrate Judge's recommendation was based on his conclusion that there appears to be no case law creating, or even suggesting, a constitutional right to be physically present in a state where a death-sentenced inmate is pursuing federal habeas corpus relief. The Magistrate Judge was unable to find, in Mr. Dunlap's complaint, any facts which would suggest that Mr. Dunlap has been prejudiced in any way, or may be prejudiced in the future, if he remains in Idaho during the pendency of his habeas case in this Court.

In his objections, Mr. Dunlap simply repeats his claim that it is a violation of his due process rights not to be transferred to Ohio at the present time. In his words, "how else is he supposed to defend himself way out in Idaho?" Objections, Document #11, at 2. He has not stated any specific reason why his physical presence is necessary. The Court notes that he is represented by counsel in his death penalty habeas corpus case, and he has not suggested that the distance between Idaho and Ohio has made it difficult for his counsel adequately to represent his interests in that case.

2

The cases which Mr. Dunlap cites do not support his claim. McDonnell v. Wolff, 483 F.2d 1059 (8th Cir. 1973), aff'd in part and rev'd in part, 418 U.S. 539 (1974), is a case primarily about due process rights in the context of prison disciplinary proceedings. It makes a passing reference to an inmate's need for some type of legal assistance to pursue habeas relief, but Mr. Dunlap has been provided with appointed counsel in his habeas case. Story v. Morgan, 786 F.Supp. 523 (W.D. Pa. 1992), held that the transfer of an inmate from a Pennsylvania prison to a federal facility in Indiana may have violated the inmate's right of access to the courts, but only because the inmate alleged that the federal prison lacked an adequate law library which would allow him to prosecute a state challenge to his criminal conviction. The inmate in that case, however, did not have a lawyer assisting him in his state court proceedings.

The constitutional right of access to the courts can be satisfied either by providing an inmate with legal materials adequate to allow the inmate to pursue an attack on his conviction or sentence, or by providing that inmate with legal assistance in the form of an attorney or other person trained in the law. See Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983) ("a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel"). These are clearly alternatives; in other words, an inmate does not have a right to both legal counsel and to legal materials that would allow the inmate to litigate his or her own case. See, e.g., Stanko v. Patton, 568 F.Supp. 2d 1061, 1076 (D. Neb. 2008) (inmate's right of access to the courts "was satisfied by the appointment ... of counsel..."). Further, in order to show, or even allege, a denial of that right, the inmate must identify some prejudice to his or her ability to pursue a legal challenge to the conviction or

3

sentence. Lewis v. Casey, 518 U.S. 343 (1996). Since Mr. Dunlap both has court-appointed counsel in his habeas corpus case and has alleged no prejudice to either his or his counsel's ability to prosecute that action arising from his incarceration in Idaho rather than in Ohio, he cannot premise his request for a transfer on the constitutional right of access to the courts, and Story v. Morgan is simply inapposite.

In short, there is no federal constitutional right, premised either on the due process clause or any other provision of the constitution, which is violated simply because the petitioner in a habeas corpus case (even one involving the death penalty) is imprisoned in a state different from the one where that habeas corpus action is pending. Because Mr. Dunlap's constitutional rights are not being violated by his imprisonment in Idaho, he has no claim under 42 U.S.C. §1983, because any claim under that section must be founded upon a constitutional violation. For these reasons, Mr. Dunlap's objections to the Magistrate Judge's Report and Recommendation are without merit.

## III. Disposition

For the reasons stated above, the objections (#11) to the Magistrate Judge's Report and Recommendation are **OVERRULED** and the Report and Recommendation (#9) is **ADOPTED.** This case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted. Plaintiff's motions for a media order and for office supplies (#4 and #5) are denied. The Clerk shall mail a copy of the complaint, the Report and Recommendation, and this Opinion and Order to the defendants.

Date: 8-31-2009

Edmund A. Sargus, Jr.
United States District Judge

4